### COLLIN COUNTY NATIONAL BANK v. J. A. HUGHES.

No. 2580. Decided April 21, 1920.

(220 S. W., 767.)

**1.—Actions on Judgments—Limitation.**

It was within the power of the State to prescribe, as is done by article 5691, Rev. Stats., the period of limitation for actions in its own forums upon judgments rendered in other jurisdictions—Federal jurisdictions as well

as any other. The statute related to all judgments rendered without the State, is plain and does not call for construction, and there is no warrant for excepting judgments rendered by Federal courts. (Pp. 367, 368).

## 2.—Same—Judgment of Revival.

Action in the Texas courts on a Federal judgment in a district outside Texas was barred when the defendant had, since its recovery, resided for ten years in Texas, and was not saved by a later revival of that judgment on *scire facias* upon personal notice served on the defendant in Texas and outside the Federal District, whether same be regarded as a new judgment or a continuance of the former one. (P. 368).

## 3.—Same.

If treated as a new judgment the revival was ineffective for want of personal service on defendant within the district. If as a continuance of the former judgment and sustainable on the jurisdiction originally obtained, and personal notice to defendant of the *scire facias* proceedings outside the district, the judgment was thereby revived as of its original date and limitation still ran against it from that date. (P. 368).

Error to the court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The Bank sued Hughes on a judgment obtained in the United States court in Colorado. Defendant had judgment which was affirmed (154 S. W., 1181) on appeal by plaintiff, who thereupon obtained writ of error.

*John Church, Abernathy & Abernathy, D. H. Morrow, M. L. Morris,* and *Morris & Pope,* for plaintiff in error.—The undisputed evidence shows that the Collin County National Bank recovered a judgment in the Circuit Court of the United States, District of Colorado, at Denver, on the 26th day of June, 1891, against the defendant J. A. Hughes, based upon personal service in Colorado on the defendant J. A. Hughes, for the sum of $6050.90 and all costs of suit, and that execution issued on said judgment, and that under the laws of the State of Colorado said judgment was a good and valid judgment against the bar of the Statute of Limitation for 20 years. And thereafter on Dec. 16, 1905, plaintiff filed its petition in said cause No. 2661 to revive said judgment, and citation by publication was duly had and served on the defendant, J. A. Hughes, as ordered by the United States Circuit Court, and on Feb. 13, 1906, the defendant J. A. Hughes, appeared in said court by motion to quash said service, which was sustained, and the plaintiff appealed from said judgment quashing said service, to the United States Circuit Court of Appeals, and the defendant, J. H. Hughes, appeared in said Circuit Court of Appeals by motion to dismiss the appeal of the plaintiff, which motion was sustained by said court in a written opinion holding that the defendant was wholly within the jurisdiction of the Circuit Court

of Appeals for the purpose of reviving said judgment, and that personal service had in Texas upon the defendant would be sufficient service to revive said judgment. And said judgment having thereafter been revived by personal service as prescribed by the Circuit Court of Appeals on December 16, 1907, and this suit having been instituted upon said revived judgment in the 44th. Judicial District of Texas, April 14, 1908, said judgment was not barred by limitation and the court erred in so holding. Collin County National Bank v. Hughes, 152 Fed., 414; Collin County National Bank v. Hughes, 155 Fed., 389.

Did plaintiff in error have the right to revive the judgment in a Federal court in Colorado before the expiration of the life of the judgment—twenty-five years—in that State? We affirm it did. Rodgers v. Hollingsworth, 32 S. W., 197 (Tenn.); Stephens v. Stone, 60 S. W., 989; Wonderly v. Lafayette, 74 Fed., 702; 1 Black on Judgments, sec. 484.

Was the service of the *scire facias* to revive on Hughes in Texas made by an order of a Federal Court in Colorado, to revive a judgment already rendered by said court having jurisdiction of the parties and subject-matter, due process of law, such as would support a judgment of revival? We affirm, it was. Comstock v. Holbrook, 82 Mass., 113; Crawford v. Foster, 84 Fed., 939; Crawford v. Foster, 132 Fed., 945-9; Collin County National Bank v. Hughes, 152 Fed., 414; Collin County National Bank v. Hughes, 155 Fed., 389; Black on Judgments, sec. 487.

What was the effect of the revival of said judgment? Did it substitute the new for the old judgment or put new life into the old judgment, and did limitation begin to run from the date of the revival, and is it such a judment as will support an action in a sister state, to defeat the bar of limitation? We affirm it will. Lafayette County v. Wonderly, 92 Fed., 313; Lafayette County v. Wonderly, 34 C. C. A., 360; Bloodworth v. Poole, 53 S. W., 717.

The court erred in holding the judgment sued upon was barred by limitation because the laws of Texas make no distinction as to the effect on limitation of a judgment of revival by *scire facias* and the effect on limitation of a suit on the judgment. The one is a continuation of the original suit, and the court simply provides that it be revived or that execution issue thereon; no pleading need be filed, and it is only required that the *scire facias* be issued and served; the other is a new suit based upon a proper pleading by petition and service of citation thereon followed by a new judgment that plaintiff recover of defendant the amount of the old judgment, and ordering execution to collect same. In effect and as to results the two actions are one and the same and each infuses new life into the old judgment and starts limitation anew

from the date of the revival or the date of the new judgment. This effect of the law is emphasized by the fact that Art. 5996 (3361) of the R. S., providing for a revival of a judgment by *scire facias* and for an action of debt thereon, are incorporated under one statute and classified under the laws of limitation corresponding to the Common Law linked with the Statute of Westminster in England. R. S. of Texas, 1911, Art. 5996 (3361); Bullock v. Ballew, 9 Texas, 499; Anderson v. Boyd, 64 Texas, 168-9; Goddard v. Delaney, 80 S. W., 866, (181 Mo., 564); Lafayette County v. Wonderly, 92 Fed., 313; Lafayette County v. Wonderly, 34 C. C. A., 360; Bloodworth v. Poole, 53 S. W., 717.

The Court erred in sustaining defendant's plea of limitation, since the judgment of revival in the Colorado court was in form and as to substance just such a judgment as was required in law, since it did not award debt or damages as would have been done in a suit on the judgment, but ordered that execution issue on the original judgment. Camp v. Gainer, 8 Texas, 373-4; Bullock v. Ballew, 9 Texas, 499; Luter v. Ross, 16 Texas, 53; Liddell v. Birdwell, 27 Texas, 689-692.

The Statutes of Limitation in Texas do not prescribe any limitation for judgments rendered in courts of the United States pending in other districts and states than the State of Texas, and in the absence of a statute in Texas, the common law rule of twenty-years limitation being in force in Texas applies. The decision cited below discussing a Statute of Wisconsin contains a provision "or any court of the United States" that is not found in the Texas Statute on limitation as to foreign judgments. R. S. of Texas, 1911, Art. 5691; R. S. of Texas, 1911, Art 5492; Metcalf v. City of Watertown, 153 U. S., 671 (Book 38, p. 861).

*Coke & Coke,* for defendant in error.—Unless the judgment of revivor prevents, the judgment of the Circuit Court of the United States for the District of Colorado, of June 26, 1891, was barred long prior to the institution of this suit. Rev. Stats., art. 5691.

The statute of Texas making every appearance a general appearance is contrary to the Acts of Congress governing procedure in Federal courts and has no application in such courts; therefore, the special appearance in the United States Circuit Court of the District of Colorado made by appellee did not have the effect of a general appearance. Mex. Cent. Ry. Co. v. Pinkney, 149 U. S., 194; Goldy v. News, 156 U. S., 525-526.

Under section 1, article 4, of the United States Constitution, requiring full faith and credit to be given in each State to the judicial proceedings of every other State, a judgment rendered in one State has the force of a domestic judgment in another State only so far as to preclude inquiry into the merits of the

subject-matter of the judgment; it is, conclusive only as to the merits; it does not preclude inquiry into the jurisdiction of the court rendering the judgment; the Statute of Limitations goes, not to the merits, but to the remedy in the local court. McElmoyle v. Cohen, 13 Peters, 312.

A proceeding by *scire facias* is not a new action, but a continuance of the old one; it does no more than revivify the original judgment; no new judgment can be rendered; nothing can be adjudged except that execution issue on the original judgment, Camp v. Gainer, 8 Texas, 372; Bridges v. Samuelson, 73 Texas, 523; 122 A. S. R., pp. 70-1-2, 90-2-8-99, 109-110; 2 Freeman on Judgments, sec. 447; 1 Black on Judgments, sec. 498.

The judgment of revivor by the United States Circuit Court of Colorado does not prevent or in any manner affect the bar of the Texas Statute of Limitations, because it is purely a judgment of revivor reinvesting the judgment of June 26, 1891, with the validity it once possessed, but has since lost, and because, if given the effect of a new judgment of debt, it would be void under sec. 1, art. 14, of the Amendments to the United States Constitution, no such service having been had on the defendant as would clothe the court with power to render such judgment. 122 Am. St. Rep., 111-112; Owens v. Henry, 161 U. S., 646; Rice v. Moore, 48 Kans., 590; Helper v. Davis, 32 Neb., 556; Betts v. Johnson, 68 Vt., 549.

The State has the power to fix a period beyond which an action cannot be maintained in its courts on a judgment of a Federal Court sitting in a sister state. Metcalf v. Waterman, 153 U. S., 671; Waterman v. Waterloo, 69 Wisc., 260; 1 Foster's Federal Practice, (5th Ed.), sec. 181; 1 Rose's Code of Federal Procedure, sec. 10 (M), pages 89-91, and sec. 870, page 814; 23 Cyc., p. 1508-9, and notes.

The State of Texas, by Article 5691, Vernon's Sayles' Texas Civil Statutes, fixes the time within which an action may be brought in one of its courts on a judgment rendered by a court of the United States sitting in a sister state. This is an action in a court of this State on a judgment of the United States Circuit Court sitting in the State of Colorado not brought within the time fixed by above Statute of Limitations, and is therefore barred by the statute. Article 5691, Vernon's Sayles' Texas Civil Statutes; 23 Cyc., p. 1509, note 2.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was instituted by the Collin County National Bank against J. A. Hughes in the District Court of Dallas County, April 14, 1908, on a judgment recovered, June 26, 1891, by the bank against Hughes in the Circuit Court of the United States

for the District of Colorado, revived on *scire facias,* December 16, 1907.

Hughes had been a resident of Texas for more than ten years preceding the institution of the suit in the District Court of Dallas County.

The history of the judgment sued upon, briefly stated, is this:

The bank originally recovered a judgment, February 21, 1891, in the District Court of Collin County, Texas, against a corporation and its receiver as principals and Hughes as surety, for a stated amount. Execution issued on this judgment March 9, 1891, and as to the defendant Hughes was returned unexecuted. No further execution ever issued on this judgment. Thereafter on Hughes' moving to Colorado the bank sued him there on the judgment and recovered a judgment against him on personal service, June 26, 1891, in the Circuit Court of the United States. On this judgment execution issued December 14, 1891, and was returned April 20, 1892. No other execution was ever issued upon the judgment.

Petition for revival of the judgment was filed, December 16, 1902. Writ of *scire facias* issued but was returned unserved, Hughes having moved from Colorado to Texas in September, 1896. The court thereupon ordered service of the writ by publication, and the publication was made in accordance with the order. Afterwards, Hughes made a special appearance for the purpose of quashing the service, and on his motion it was granted. Appeal from this order by writ of error was taken by the bank to the United States Circuit Court of Appeals, which dismissed the writ of error because tne judgment was not a final one. 152 Fed., 414.

The bank thereupon, on October 12, 1907, filed in the United States Circuit Court for the District of Colorado a new petition for *scire facias,* seeking to revive the judgment, Personal service of the writ was had upon Hughes in Texas. Upon such service judgment was entered, December 16, 1907, reviving the judgment of June 26, 1891, and ordering that the bank have its execution against Hughes for its debt, damages and interest according to the form, force and effect of that judgment.

Article 5691 provides that every action upon a judgment or decree rendered "in any other State or territory of the United States, in the District of Columbia, or in any foreign country," shall be barred if by the laws of such State or country such action would there be barred, and the judgment or decree be incapable of being there otherwise enforced, and whether so barred or not, no action against a person who shall have resided in this State during the ten years next preceding such action shall be brought upon any such judgment or decree rendered more than ten years before the commencement of such action.

It was fully within the power of the State to prescribe the period of limitation for actions in its own forums upon judgments rendered in other jurisdictions, Federal jurisdictions as well as any other. The statute clearly relates to all judgments rendered without the State of Texas, regardless of the character of the court rendering them. The language could not be plainer. There is nothing about the statute to construe, and there is no warrant for engrafting upon it an exception with respect to judgments rendered by the Federal Courts.

The *scire facias* proceeding in which the judgment of revivor of December 16, 1907, was entered was either but a continuance of the suit which resulted in the judgment of June 26, 1891, or else a new action for debt upon that judgment.

If the latter, the judgment of revivor was of no effect in the courts of this State, since, if it was a new suit, the court was without the power to render the judgment. There was no appearance by Hughes in the proceeding, and the only service had upon him in its connection was without the jurisdiction of the forum, in another State of which he was at the time a resident.

If the former, the date of the rendition of the original judgment —June 26, 1891—fixes the time for the running of limitation, and the action upon the judgment was, under Article 5691, clearly barred.

Under any view of the case, therefore, the judgment of the trial court was correct, and its affirmance by the Court of Civil Appeals should be affirmed.

In the Federal Courts the proceeding by *scire facias* for the revival of a personal judgment is treated as merely a continuance of the original suit. Where the proceeding is so considered there are holdings that jurisdiction duly obtained in the original suit over the person of the defendant will endure for the revival of the judgment, and the giving of reasonable notice to him will support the judgment of revivor. Comstock v. Holbrook, 82 Mass., 111, is such a decision. But in such cases, the judgment of revivor does not become the judgment. It merely revives the judgment— restores it to its original force. An action upon the judgment thus revived is necessarily upon the original judgment, and limitation in such an action must be determined according to the judgment's original date.

Where the *scire facias* proceeding for the revival of a judgment is not so treated, its character is simply that of an independent action for debt—a new suit; and the power to render judgment in the proceeding must depend upon jurisdiction over the person of the defendant as in any other suit.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*