**FERGUSON–McKINNEY DRY GOODS CO. v. GARRETT. (No. 6629.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1921. Rehearing Denied Dec. 14, 1921.)

1. **Accord and satisfaction ⬯19 — Plaintiff held not entitled to sue for original balance because of defendant's failure to pay new balance.**

Where a former judgment against a resident of Texas was dormant, and the original corporate plaintiff had been dissolved, raising doubt as to collectibility of the judgment, and, by agreement, the debtor gave his note for $1,000, and promised to pay an additional sum of about $400, and did pay the note, receiving a receipt in full settlement, the holder of the judgment could not repudiate the agreement and sue for the whole of the original balance because of the debtor's failure to pay the alleged agreed balance.

2. **Accord and satisfaction ⬯19—New promise accepted in satisfaction bars action on old debt.**

When parties agree that a promise shall be in satisfaction of a prior debt or duty, and it is accepted in satisfaction, it operates as such, and bars an action on the old debt or duty.

3. **Accord and satisfaction ⬯27—Acceptance of new promise in satisfaction is question for jury.**

Whether a new promise has been accepted in satisfaction of a prior debt or duty must be ascertained from the intention of the parties, and in case of dispute, must be determined by the jury.

4. **Judgment ⬯870(5) — Cannot be revived against nonresident by substituted service.**

A foreign judgment against a resident of Texas, which had become dormant, could not be revived so as to bind the defendant in personam by service by publication.

5. **Judgment ⬯870(1)—Must be revived by scire facias.**

A judgment must be revived by scire facias where rendered.

6. **Judgment ⬯929—Action not maintainable on dormant foreign judgment.**

A dormant judgment of another state cannot be enforced by action or revived by suit in Texas, but must first be revived by suit in the court of the state where rendered.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by the Ferguson-McKinney Dry Goods Company against Joseph E. Garrett. From a judgment for defendant, plaintiff appeals. Affirmed.

H. R. Sutherland and Kleberg, Stayton & North, all of Corpus Christi, and O. W. Patchell, of Pauls Valley, Okl., for appellant.

G. R. Scott, Boone & Pope, of Corpus Christi, for appellee.

COBBS, J. On November 20, 1913, appellant, a corporation, brought suit against appellee in the district court of Nueces county, Tex., to recover on a judgment obtained by default, on December 3, 1903, for the sum of $1,660.33, costs, and interest, in the United States District Court at Pauls Valley, Indian Territory, which judgment was alleged to have been revived by a judgment rendered and entered in the district court of Garvin county, Okl., on September 12, 1913.

It was assigned on the 29th day of January, 1916, by the Ferguson-McKinney Dry Goods Company to Ferguson-McKinney Manufacturing Company, another corporation. It filed its petition on February 5, 1921, in this cause averring its ownership of the cause of action sued upon, and by' the court allowed to be substituted as a party plaintiff. Appellee, by his amended answer, alleged, among other defenses, that at the time the alleged judgment was obtained against him on December 3, 1903, he was not a resident of Wynnewood, Indian Territory, or within the jurisdiction of that court, but a resident of the state of Texas, and he was never personally or properly served with citation, summons, or scire facias in such way as to give jurisdiction over his person in that court, and made no appearance therein in person or through any attorney. He pleaded the various statutes of limitation applicable, and alleged that he moved from Indian Territory in October, 1902, and became a resident of the state of Texas, where he has continuously resided ever since. That the judgment against him became dormant under the laws of the state of Oklahoma on November 16, 1912, and at the time motion was filed to revive judgment it was barred by the statute of limitations of 4 and 10 years. It was further pleaded that the judgment had been satisfied, and full accord and satisfaction made. Likewise pleaded that appellant was not entitled to recover in the manner and form in which the suit was brought, for it was not a legal entity and was not an existing corporation, and was not the owner of the claim sued upon, being so challenged by a sworn answer. The court instructed the jury to return a verdict for appellee.

[1] The first assignment raises the question that the court erred in instructing a verdict for the defendant. The assignments are very vague in presenting the issues for our determination, but, as the questions presented are such as are of themselves easily stated, we will not trouble ourselves further about the form of the assignment. Was there an accord and satisfaction? is the first question presented. There was testimony showing that appellee thought the amount due from him on the claim was about $1,500, and promised to pay that amount if time was given, for he could not pay all at that

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

time but would give his note for $1,000, due in the fall, and would pay balance in cash when the true amount of balance, supposed to be in the neighborhood of $400, was ascertained. This conversation was in appellant's office, in St. Louis, Mo., and the balance was to be ascertained before appellee left. Failing to find the amount due before his departure, he executed and delivered to appellant his said note for that amount, with the understanding he would pay all when ascertained. He paid said note in full when it matured. This agreement was denied by appellee, whose evidence is in conflict with appellant's to the effect that it was especially agreed that said note for $1,000 was given in full accord and in full satisfaction of all his said indebtedness.

The appellant claimed the settlement was made on the basis of his promising and agreeing to pay the amount of his original account to Ferguson-McKinney Dry Goods Company without interest, and that in furtherance thereof appellee gave appellant his note for a part and promised and agreed to pay the balance of about $400, the correct balance to be thereafter ascertained. He paid the note for $1,000 when it matured, but refused, it is alleged, to pay the balance, and therefore the settlement or agreement was never fully executed, meaning thereby no accord and satisfaction was ever had, notwithstanding the acceptance of the note, its payment, and receipt acknowledging its payment and satisfaction in full. When appellee paid the note, July 16, 1919, a receipt was given to him, reciting that J. E. Garrett, of Corpus Christi, Tex., had paid his account in full to date with Ferguson-McKinney Dry Goods Company.

Notwithstanding that appellant accepted the amount of $1,000, it here now asks that a credit only be allowed therefor, and undertakes by pleading to set aside the receipt, on the ground that the person executing same had no authority to issue such a receipt, and then in effect waives that charge and says the receipt was executed on the fraudulent promise to pay Ferguson-McKinney Manufacturing Company the balance of $479.14 upon his return to his home in Texas.

Appellant would have been in a much better position to deny accord and satisfaction, and that the new note and new promise were made without consideration, on the ground that an agreement to pay an existing debt is ordinarily without consideration, and had no effect as a complete satisfaction of the original obligation, but a mere naked promise to do what the law requires the debtor to do—that is, to pay his debts. If it be true as a fact, as the receipt expresses itself, and the defendant's testimony shows, then the acceptance of the money was in the nature of a compromise, or settlement, and received as a payment in full satisfaction of the obligation.

In this case the appellant is ratifying the agreement to the extent of receiving the full payment of the note as claimed as a valid agreement as to their differences, and at same time repudiates it because appellee does not pay the alleged agreed balance. He does not sue to recover the balance, but the full judgment, less the payment of the note. There is evidence that appellant so understood the agreement and sought to dismiss the suit, and at the request of appellee, in pursuance of the agreement, did wire the district judge requesting its dismissal; but the counsel (O. W. Patchell) of appellant would not permit its dismissal until his fee was paid, claiming one-half of the recovery, stating that he felt sure to win and collect full amount; hence the suit was not dismissed.

[2, 3] When parties agree that the promise shall be in satisfaction of the prior debt or duty, and it is accepted in satisfaction, then it operates as such, and bars the action on the old debt or duty. As to whether it has been accepted as such must be ascertained from the intention of the parties, and in case of dispute must be determined by the jury.

It has been well said by the Supreme Court of Pennsylvania, in Melroy v. Kemmerer, reported in 218 Pa. 381, 67 Atl. 699, 11 L. R. A. (N. S.) 1019, 120 Am. St. Rep. 888:

"The rule that the acceptance of a smaller sum for a debt presently due, though agreed and expressed to be payment in full, is not a good accord and satisfaction, was a deduction of scholastic logic, and was always regarded as more logical than just, and hence any circumstance of variation is sufficient to take a case out of the rule. * * * Whatever conclusion the scholastic logic and theoretical reasoning may lead to, the importance of the practical result is a matter for the creditor to decide for himself, and, having so decided and got the benefit of it, justice and common honesty ought to hold him to his agreement. For this reason, the force of which is universally accepted, the courts, so far as they could without sacrifice of the maxim of stare decisis, have brought the law into closer accord with modern business principles."

The facts of this case show such a case as rendered the agreement of special benefit. Here was a foreign judgment dormant that appellant knew would have to be revived to be enforced against appellee, then a resident of Texas, another state from that in which the judgment was pending. There was a dissolution of the original corporation plaintiff, and the alleged successor corporation with grave doubt as to collecting the judgment, and other circumstances moving appellant of such consideration as to no doubt make the agreement most desirable.

[4] The next question presented to us is whether or not the judgment sued upon was barred by the statute of limitations; that is,

we understand, to determine, first, whether or not the judgment had become dormant, and was properly revived; then, when the statute was put in motion. The original judgment sued upon was rendered in a foreign court on the 3d day of December, 1903, and a revived judgment rendered against appellee on the 12th day of September, 1913, in the United States Court in Oklahoma. The judgment became dormant November 16, 1912. At that time, as alleged and proven by the undisputed testimony, the appellee resided in his present place, and where he is now sued. The law provides how to keep judgments alive and prevent their becoming dormant. In this case no personal service was made on defendant in Oklahoma; but service was sought to be perfected upon him by publication in Oklahoma papers, and a copy of said notice taken from said newspaper was mailed to appellee at Corpus Christi, Tex., where he had his residence, to show cause why said judgment should not be revived. When this judgment became dormant it was put to sleep, as it were, and inoperative for the purpose of the issuance of execution. It was not barred by the lapse of time, but inoperative for any purpose until revived. It could only be rejuvenated in the manner prescribed in such cases by the law of the forum. Of course the bill of revivor was properly filed in the court where the judgment was rendered. But notice and substituted service of such process could only be made by publication on a defendant residing in the state to affect the person of appellee. There could be no personal service made on him in this state by any process from another state so as to bind him in personam. If such a process was not available in an action to recover a personal judgment against him, surely it is not available to revive a dormant one whose legal effect would be the same. In either case, the defendant is entitled to his day in court and has a right to demand it in accordance with the due process of the law of the land. Such is the holding of our Supreme Court in the case of Collin County National Bank v. Hughes, 110 Tex. 362, 220 S. W. 767. The opinion of the court was delivered by Chief Justice Phillips, and covers the points so fully contained in this case that we make no further reference or comment on the subject, except to also notice that the court further held that the statute of limitations ran from the date of the original judgment, which in this case would be from the 3d day of December, 1903. No execution was issued thereon. It is also said limitations do not begin to run on a judgment from the date of its dormancy, but from the date when the last execution was issued, if one was issued. Willis v. Stroud, 67 Tex. 518, 3 S. W. 732.

There is nothing in the statement of facts to show the proceedings for revivor. The only reference thereto in the statement contained in stenographer's transcript filed in this record, from which, no doubt, the statement of facts was made, which has been approved by the attorneys and the court, in which Mr. Patchell, appellant's attorney, stated, in offering copy of the foreign court record, he wished "to omit from this record all those matters relating to the revival of proceedings"; but this declaration does not appear in the statement of facts as evidence or elsewhere appear, except in the pleadings of the parties, and treated in the briefs of both parties as though introduced in evidence, where the revival proceedings are set out.

[5] The authorities in this state hold a judgment must be revived by scire facias, where rendered. Masterson v. Cundiff, 58 Tex. 474; Schmidtke v. Miller, 71 Tex. 106, 8 S. W. 638.

Common-law writ of scire facias to revive a judgment on which no execution has issued for one year has more properties of action than of writ. Boone v. Roberts, 1 Tex. 152. So also original proceedings are no part of record of scire facias to revive judgment (McFadden v. Lockhart, 7 Tex. 574); so a judgment may be revived by scire facias or by an action of debt (Austin v. Reynolds, 13 Tex. 547). If the amendment be regarded as the commencement of a new suit, it would be barred by the statute of 10 years. The object of scire facias to revive money judgment is to procure execution. Taylor v. Harris, 21 Tex. 440. It is a judicial writ, and must pursue the nature of the judgment. Carson v. Moore, 23 Tex. 451.

Looking to the evidence contained in the statement of facts, we find the record of a dormant and unrevived judgment. Looking to plaintiff's pleading, it sets out both the original and revived judgment, and prays:

"That said original judgment obtained on the 3d day of December, A. D. 1903, hereinbefore mentioned and described, and said judgment and order reviving said judgment obtained by plaintiff on the 12th day of September, A. D. 1913, are in full force and effect, and that said judgments nor any portion thereof have never been paid, discharged, or in any manner satisfied, and still remain in full force and effect."

[6] As well said by appellee:

"Being a dormant judgment, under the laws of the forum, the original judgment was incapable of being enforced, and action in the courts of Texas could not have been maintained thereon. Tourtelot v. Booker, 160 S. W at page 299, and authorities there cited. It could not be revived by suit in Texas, but could only be revived by suit in the proper court. Having become dormant under the laws of the forum, it could not be enforced by an action in another state. 13 Am. & Eng. Enc. Law (2d Ed.) 1002; Chapman v. Chapman, 48 Kan. 636, 29 Pac. 1071; 23 Cyc. 1559. It was necessary to revive it. Attempt was made to re-

vive it by substituted service. According to our Supreme Court the attempt was a nullity. Collin County Nat. Bank v. Hughes, 110 Tex. 362, 220 S. W. 767, supra. Appellant was therefore relegated to its original judgment which was dormant and upon which it could not maintain an action in Texas."

We have examined and considered all the assignments of error and the points presented wherein appellant complains there was error in the trial and in the judgment of the court, and, finding no reversible error therein assigned, they are all overruled, and the judgment is affirmed.