Charles A. ROATH, Individually and D/B/A Chuck's T.B.A. Supply, Appellants,

v.

UNIROYAL, INC., Appellee.

No. 8255.

Court of Civil Appeals of Texas, Beaumont.

April 19, 1979.

Court of Johnson County, Kansas, against defendant. At that time defendant was a Kansas resident and was personally served. This judgment was revived on January 12, 1967, by means of a garnishment proceeding, for a five-year period. The judgment became dormant after January 12, 1972. However, on August 9, 1972, plaintiff filed a motion to revive the dormant judgment under Kansas statutes, and a citation by publication upon the oath of plaintiff's attorney was made out, filed, and published. On June 4, 1973, the Kansas court revived the judgment by a journal entry.

In August 1971, defendant moved to Texas and was residing there when the revivor suit was filed and heard. In 1975, plaintiff filed this cause of action, seeking to enforce the Kansas judgment, and defendant was personally served at 109 Berkshire Lane, Beaumont, Texas, where he had resided since moving to Texas. Defendant first learned of the Kansas court's motion to revive, the citation by publication, and the journal entry when he received this citation. In a non-jury trial, the court granted a judgment in favor of plaintiff, finding that the revived judgment was entitled to full faith and credit in the courts of Texas.

∎ Texas courts are required to give full faith and credit to valid final judgments of sister states. *U.S.Const. art. IV, § 1.* However, a Texas court may examine the facts to determine whether one sister state's court had jurisdiction to enter the decree of which full faith and credit is sought. *McElreath v. McElreath,* 162 Tex. 190, 345 S.W.2d 722, 744 (1961); *Chunn v. Gray,* 51 Tex. 112, 114 (1879); *Layton v. Layton,* 538 S.W.2d 642, 646 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Gunther v. Gunther,* 478 S.W.2d 821, 827 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). See generally Hodges, "Collateral Attacks on Judgments," *41 Texas L.Rev. 499, 540–41 (1963).* Defendant now complains that the Kansas court did not obtain in personam jurisdiction authorizing the revival of the dormant judgment.

Alan McNeill, Beaumont, for appellants.

Jon D. Totz, Houston, for appellee.

KEITH, Justice.

Defendant below appeals from a judgment that granted full faith and credit to a Kansas judgment entered against defendant.

On September 23, 1963, United States Rubber Company, now Uniroyal, Inc., obtained a default judgment in the District

Under Kansas law [*Kan.Stat.Ann. § 60–2404*], a dormant judgment may be revived as follows:

". . . if, within two (2) years of the date on which such judgment became dormant, the holder thereof files a motion for revivor and a request for the immediate issuance of an execution thereon if such motion is granted. Notice of the filing of the motion shall be given as for a summons under article 3 of this chapter, and on the hearing thereof the court shall enter an order of revivor unless good cause to the contrary be shown, and thereupon the execution shall issue forthwith."

Notice may be given by publication. *Kan. Stat.Ann. § 60–307.* Section 60–307(d) requires that the party seeking service by publication or his attorney file an affidavit stating, inter alia, the residences of all named defendants to be served and the names of all defendants whose residences are unknown after reasonable effort to ascertain them, that the party seeking service by publication is unable to procure personal service of summons on such defendants in this state, and that the case is one of those mentioned in *§ 60–307(a)*.* The statute even provides a form for the affidavit to be filed. Plaintiff's attorney filed an affidavit that was in compliance with this form. *Kan.Stat.Ann. § 60–307(d)(5).*

▮ Defendant contends that the revivor judgment should be set aside because the record is silent as to whether plaintiff made a reasonable effort to personally serve him, and suggests that there was fraud in the procedure to obtain service by publication. The trial court found that there was fraud, but it was intrinsic. Defendant claims that plaintiff's attorney, Frank W. Hursh, knew his address in Texas because he had sent him payments from his Texas address, that he had left his forwarding address with the electric company, telephone company, and water company before leaving Kansas, and

that his Texas address was therefore readily ascertainable.

The Supreme Court of Kansas has held that the following principles apply when reviewing service by publication:

"[A]ssuming good faith, the question of jurisdiction must be determined by the statute authorizing publication service, that whether a defendant is a nonresident or not is a question of fact which must be determined by testimony before constructive service can be completed, and the only evidence required by the statute to establish this fact was the prescribed affidavit; that when such an affidavit had been filed, and notice by publication given, and the proceeding had been examined and approved by the trial court, as required by statute, then jurisdiction existed and the judgment rendered is valid."

*American Home Life Ins. Co. v. Heide,* 199 Kan. 652, 433 P.2d 454, 459 (1967), citing *Davis v. Vinson Land Co.,* 76 Kan. 27, 90 P. 766 (1907), and authorities therein cited. Plaintiff's affidavit complied with these statutory requirements.

Defendant, citing *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P.2d 858 (1967), and *Weaver v. Frazee,* 219 Kan. 42, 547 P.2d 1005 (1976), contends that if the names and addresses of parties to be served are known or readily ascertainable, notice by publication is not sufficient to satisfy the due process requirements of *U.S. Const. amend. XIV* or *§ 2* of the *Kansas Bill of Rights.* We agree with these decisions; however, they are distinguishable from the case before us. In both *Pierce* and *Weaver,* the address of the party served by publication was either known or clearly readily ascertainable. In *Pierce,* defendant was not notified of a tax foreclosure suit against his property, except by publication, even though he lived on the land being foreclosed upon and his address was on file with the county treasurer. In *Weaver,* plaintiff was

---

* The applicable subsection in our case is *§ 60–307(a)(4)*, which provides that service by publication is permissible:

"In all actions where the defendant, being a resident of this state, has departed therefrom, or from the county of his or her residence, with the intent to delay or defraud creditors or to avoid the service of a summons, or keeps himself or herself concealed therein with the like intent . . . ."

a Colorado resident and, although defendant knew his address, as can be seen in his attorney's affidavit for constructive service, he was served by publication and was never actually personally notified.

In our case, we do not have any direct evidence, such as in the above suits, that plaintiff knew defendant's address or that his address was readily ascertainable at the time he filed his motion for revivor. Although defendant testified that his address was known by Mr. Hursh or readily ascertainable, there is some question as to whether Mr. Hursh really knew or had the opportunity to know the address. Defendant testified that he had sent payments by postal money order, which contained his Texas address, to an attorney in Hursh's law firm but that that attorney, for some reason, no longer worked on the case. Defendant was not sure whether the new attorney, Mr. Hursh, had his address, but he testified: "I would have every reason to believe that he knew it . . . ." However, he also testified that he did not go to the law firm and leave his Texas address before leaving Kansas. The Kansas court, which listened to plaintiff's evidence in the revivor suit, found that plaintiff had satisfied all the prerequisites for serving defendant by publication.

Next, defendant contends that personal service cannot be obtained over him by means of service by publication. We are forced to disagree.

■ The practice relative to the revival of dormant judgments is to be governed by Kansas law. The Supreme Court of Kansas has held that a suit for the revival of a dormant judgment is merely a continuation of the original judgment suit. And, that if the court in the original suit obtained personal jurisdiction over the parties, then it retained jurisdiction in the revivor suit even though a party may have been served by publication in the revivor suit. *Hartz v. Fitts,* 89 Kan. 751, 132 P. 1187, 1188 (1913); *Rice v. Moore,* 48 Kan. 590, 30 P. 10, 10 (1892); see *Riney v. Riney,* 205 Kan. 671, 473 P.2d 77, 82 (1970). The Texas courts have so held also. *Sias v. Berly,* 245 S.W.2d 503, 507–12 (Tex.Civ.App.—Beaumont

1950), reversed on other grounds, 152 Tex. 176, 255 S.W.2d 505, 508 (1953), noted in *31 Texas L.Rev. 73 (1952); Collin County Nat'l Bank v. Hughes,* 154 S.W. 1181, 1183 (Tex. Civ.App.—Dallas 1913), aff'd, 110 Tex. 362, 220 S.W. 767, 768 (1920); cf. *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949); *Owens v. McCloskey,* 161 U.S. 642, 16 S.Ct. 693, 40 L.Ed. 837 (1896). See generally *Annot., 144 A.L.R. 403 (1943); 46 Am.Jur.2d Judgments § 357, at 536 (1969); 49 C.J.S. Judgments § 543, at 1002 (1947).*

This court in *Sias,* supra (245 S.W.2d at 511–12), held that whether a revivor proceeding is to be treated as a continuation of the original judgment suit depends upon the object accomplished by the proceeding. The court considered whether additional liability was imposed upon defendant or whether "[t]he only object accomplished by the scire facias proceeding was the reactivization of a suspended power to issue writs of execution to collect the revived judgment."

No additional liability was imposed upon our defendant. The revivor judgment was merely a "reactivization of a suspended power."

Finding no error, we affirm the judgment of the trial court.

AFFIRMED.