**Paul Matthew VINCENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09-91-040 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 25, 1992.

---

John W. Fryer, Conroe, for appellant.

Peter C. Speers, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Aggravated Sexual Assault. The indictment contained two paragraphs under the Aggravated Sexual Assault count.[1] The first paragraph alleged that appellant caused his sexual organ to penetrate the victim's mouth, said victim being under fourteen years of age, on or about April 7, 1989. The second paragraph alleged that appellant caused the sexual organ of the same child-victim to contact his mouth also on or about April 7, 1989. Appellant waived his right to be tried by a jury.

The trial court found appellant guilty of the offense alleged under each paragraph of count one and sentenced appellant to eighteen (18) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant submits to us a single point of error which reads as follows:

Point of Error Number One: The Trial Court improperly convicted the Appellant on Insufficient Evidence.

---

1. The State abandoned the second count which alleged the offense of Injury to a Child.

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

After reading his brief in its entirety, appellant's entire complaint can be summed up by the following taken from the "Statement of Facts" portion of the brief:

During the Trial there were factual disagreements between the testimony given by the complainant and three other witnesses, excluding the Appellant's testimony.

Two of the State's witnesses contradicted the testimony of the complainant on various subject matters to include the complainant's personal involvement with one of said witnesses.

The testimony of the complainant, which is bolstered by three other witnesses, establishes that the complainant didn't like the Appellant and intended to develop a scheme by which the complainant could "get rid of him". (sic) Said testimony establishes the Intent of the complainant, her Motive, and her Plan.

None of the testimony was sufficient for a finding of "guilty beyond any reasonable doubt". (sic)

The only authority cited by appellant in his entire brief is to the case of *Sinegal v. State*, 582 S.W.2d 135 (Tex.Crim.App.1979). *Sinegal* is apparently referenced by appellant to support his contention that the trial court failed to follow *Sinegal* in that the trial court failed to apply the law to the facts. Appellant's reliance on *Sinegal* as singular, conclusive authority for a point of error grounded on insufficient evidence to support a conviction is completely and utterly misplaced. The sole issue in *Sinegal* dealt with whether the trial court erred in finding that the defendant's confession was voluntary, and thus admissible, following a *Jackson v. Denno*[2] hearing. Although strongly inclined to overrule appellant's point of error as having been inadequately briefed,[3] we will nevertheless discuss the matter.

■ As is now quite axiomatic, the appellate standard to be applied in reviewing

---

3. *See Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim.App.1992); Tex.R.App.P. 74(f).

insufficient evidence claims is to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found each of the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991). Highly instructive to appellate courts is the following language taken from *Jackson:*

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. (emphasis theirs)

■ Review under the *Jackson* standard is the same whether the factfinder is the jury or the trial court. Furthermore, in non-jury trials, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and the trial court is authorized to believe or not to believe any or all testimony of the witnesses for either the State or the defense. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App.1987); *Matter of H.R.A.*, 790 S.W.2d 102, 104 (Tex.App.— Beaumont 1990, no pet.). In that regard, the trial court may believe a witness even though some of the witness's testimony has been contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

■ In the instant case, the fourteen year old victim testified to acts of oral sex performed by her on appellant and to acts of oral sex performed by appellant on her. The victim further testified that she was eleven years old at the time the alleged sexual acts occurred and that they occurred sometime in April of 1989 in Montgomery County.[4] Based upon the state of the law as recited above, the trial court was permitted to believe every word uttered by the victim and disbelieve the testimony of any remaining witnesses. There was no physical evidence introduced except some photographs of the exterior of appellant's house. We find, therefore, that, taken in the light most favorable to the prosecution, the evidence was sufficient for the trial court to have found each of the elements of the offense proven by the State beyond a reasonable doubt. Appellant's sole point of error is overruled and the judgment and sentence of the trial court is affirmed.

AFFIRMED.

---

**4.** The victim also testified that she was not the spouse of appellant when the alleged sexual acts took place. This element is no longer part of the offense of Aggravated Sexual Assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp. 1992).