cr5-648.dd.hutson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00648-CR







Christopher Hutson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0944846, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 After a nonjury trial, the trial court found Christopher Hutson guilty of theft of property
valued between $750 and $20,000. See Tex. Penal Code Ann. § 31.03 (West 1994). The court assessed
sentence at four years' imprisonment, but placed Hutson on community supervision probation for four years. 
Hutson challenges the sufficiency of the evidence to support various aspects of the judgment. We will affirm
the judgment.



TESTIMONY


 Because Hutson challenges the legal and factual sufficiency of the evidence to support his
conviction, we must review all the evidence adduced at trial.

 Hutch Johnson is the manager of a restaurant called Compadres. He testified that a man
came into the restaurant and said he was going to replace a rack of vending machines. Because Johnson
did not know who owned the machines, he asked the man to wait while Johnson called the restaurant
owner for permission to release the machines. But, while Johnson was attending to other business, the man
left and the machines disappeared. Johnson, however, did not see the man take the machines.

 Johnson believed he had gotten a pretty good look at the man. After the machines' owner,
Daniel Case, reported the theft, Johnson looked at three photographic lineups of suspects and chose photo
number four from lineup two as the man who took the machines. Photo four was a picture of Hutson. The
identity of Hutson as the man in photo four was confirmed by Hutson's father and a police officer. Johnson
testified that the man who came for the machines looked different at the restaurant than in the picture--for
instance, Johnson thought the man had a mustache at the restaurant--but that the picture "looked like the
face."

 A similar incident that occurred in June 1994 at Jalisco Restaurant led to Hutson's arrest. 
A man came into Jalisco intending to move the machines. Diego Orozco, Jalisco's manager, knew that the
man did not own the machines, so Orozco did not release them. The man wrote the name Ron Johnson
and some telephone numbers on a piece of paper. When the man reappeared two weeks later to take the
machines, Orozco delayed him until the police could arrive. They arrested Hutson. Orozco said that,
though Hutson touched the machines, Hutson never tried to move the machines.

 Daniel Case, president of Tejas Corporation, testified that Tejas owned the machines it
distributed. He said Tejas was the sole provider of vending machines to Compadres in June 1994. He said
that a rack of Tejas's machines was stolen from Compadres in June 1994. He also had vending machines
at Jalisco.

 Ronald Hutson, Chris Hutson's father, testified that Chris stored vending machines at
Ronald's house. He said that he was familiar with Chris's inventory, having participated in the business, but
he never saw Chris bring home anyone else's machines. He testified that Chris had never had a mustache. 
He also testified that Chris was a law-abiding person.

 Chris Hutson flatly denied going into Compadres in June 1994, meeting Johnson, or taking
vending machines from Compadres. He testified that he went to Jalisco and talked with Orozco about
replacing the vending machines there with his own, but denied touching or attempting to actually remove
any machines. The police never searched his home, his parents' home, or his storage shed for the machines
from Compadres.

 The investigating police officer admitted that Case had given them a license number of a
truck involved in a similar theft. The truck was not registered to any of the Hutsons.

 The documentary evidence included the police photo lineup, the "Ron Johnson" paper left
at Jalisco's, vending machine brochures, and the defense's photo of a rival vending-machine provider whom
none of the witnesses recalled seeing.



ANALYSIS AND CONCLUSION


 Hutson contends by four points of error that the evidence is insufficient to support finding
the elements of the crime. He contends that the evidence is legally insufficient to support finding these
elements of the offense: (1) that Hutson exercised control over Case's vending machines (point of error
one); (2) that Case owned the machines (point three); and (3) that the property was taken without Case's
consent (point four). Hutson complains by point of error two that the evidence is factually insufficient to
support his conviction; he focuses on the deficiency of the in-court and out-of-court identifications and the
failure to recover the stolen property, but includes a broad attack on the judgment.

 The standards of review are familiar and distinct. In determining the legal sufficiency of the
evidence to support a conviction, the question is whether, viewing all the evidence most favorably to the
verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). In determining factual sufficiency, we
consider all the testimony and evidence and will set aside a verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).

 In a nonjury trial, the trial judge is the exclusive judge of the credibility of the witnesses and
of the weight to be given their testimony; the trial judge may accept or reject all or any part of the evidence. 
Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978); Collins v. State, 901 S.W.2d 503,
505 (Tex. App.--Waco 1994, pet. ref'd). As fact finder, the trial judge may make reasonable inferences
and deductions from the evidence. See Vincent v. State, 842 S.W.2d 422, 424 (Tex. App.--Beaumont
1992, no pet.).

 The evidence was legally sufficient to support the conclusion that Case owned machines
that were taken without his consent. The State needed to prove only that Case had a superior right of
possession to Hutson. See Tex. Penal Code Ann. § 1.07(a)(35)(A) (West 1994). Case testified that he
was the sole supplier to Compadres of the type of machines stolen. There was no evidence that he did not
own the stolen machines. There was no evidence that Hutson had any right to the machines. The court
was justified in concluding that Case had a superior right to possession compared to Hutson. Similarly, the
evidence that the machines were taken without Case's consent is legally sufficient. Case stated that the
machines were stolen and that the equipment was removed without his knowledge. His investigation of the
disappearance and his aggressive monitoring of the official investigation and prosecution of the theft support
the conclusion that the removal was nonconsensual. No evidence indicated that he consented. We
overrule points three and four.

 The evidence is also legally sufficient to support the conclusion that Chris Hutson exercised
control over Case's machines. As discussed above, Johnson identified Chris Hutson as the man who stated
he was removing Case's machines and who started to do so. The man and Case's machines disappeared
after Johnson turned away. The judge was entitled to disregard Chris Hutson's denial that he took the
machines. Viewing the evidence most favorably to the verdict, we conclude that a rational trier of fact
could reasonably infer that Hutson took the machines. We overrule point one.

 We also reject Hutson's factual sufficiency challenges. The evidence supporting the
identification of Chris Hutson was factually sufficient. A month after the theft, Johnson picked Chris
Hutson's photo out of a lineup, rejecting several other suspects. Johnson repeated that identification in
court. The testimony that Chris Hutson never had a mustache does not render Johnson's recollection that
the man at the restaurant had a mustache exculpatory; Johnson's recollection of the mustache was uncertain,
and an inference that a thief used a fake mustache in committing a crime is not unreasonable. The lack of
additional in-court identification was not critical, especially because Johnson was missing a contact lens at
trial; the out-of-court identification was closer in time to the crime, and the person identified there was
undisputedly the man on trial, Chris Hutson. We cannot say that the court's reliance on the identification
was so against the overwhelming weight of the evidence as to be clearly wrong and unjust.

 The failure to recover the stolen property does not make the evidence insufficient. The
crime charged involved the taking of property, not the possession of stolen property.

 Hutson's broad challenge to the factual sufficiency of the evidence likewise fails. We cannot
say that the court erred by choosing to credit Johnson's identification testimony over the Hutsons' denials. 
Neither does the factual sufficiency standard of review require a different result from the legal sufficiency
review on the issues of Case's ownership, whether Hutson removed the machines, and whether Case
consented to the removal of the machines. There was sufficient evidence of value to support the conviction. 
Considering the evidence introduced and reasonable inferences drawn therefrom, we conclude that the
judgment was not so against the overwhelming weight of the evidence as to be clearly wrong and unjust. 
We overrule point two.

 We affirm the judgment.


Before Justices Aboussie, Kidd and B. A. Smith

Affirmed

Filed: December 5, 1996

Do Not Publish



, 129 (Tex. Crim. App. 1996).

 In a nonjury trial, the trial judge is the exclusive judge of the credibility of the witnesses and
of the weight to be given their testimony; the trial judge may accept or reject all or any part of the evidence. 
Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978); Collins v. State, 901 S.W.2d 503,
505 (Tex. App.--Waco 1994, pet. ref'd). As fact finder, the trial judge may make reasonable inferences
and deductions from the evidence. See Vincent v. State, 842 S.W.2d 422, 424 (Tex. App.--Beaumont
1992, no pet.).

 The evidence was legally sufficient to support the conclusion that Case owned machines
that were taken without his consent. The State needed to prove only that Case had a superior right of
possession to Hutson. See Tex. Penal Code Ann. § 1.07(a)(35)(A) (West 1994). Case testified that he
was the sole supplier to Compadres of the type of machines stolen. There was no evidence that he did not
own the stolen machines. There was no evidence that Hutson had any right to the machines. The court
was justified in concluding that Case had a superior right to possession compared to Hutson. Similarly, the
evidence that the machines were taken without Case's consent is legally sufficient. Case stated that the
machines were stolen and that the equipment was removed without his knowledge. His investigation of the
disappearance and his aggressive monitoring of the official investigation and prosecution of the theft support
the conclusion that the removal was nonconsensual. No evidence indicated that he consented. We
overrule points three and four.

 The evidence is also legally sufficient to support the conclusion that Chris Hutson exercised
control over Case's machines. As discussed above, Johnson identified Chris Hutson as the man who stated
he was