## TEXAS & P. RY. CO. v. HOPE.

(Court of Civil Appeals of Texas. El Paso. June 13, 1912. Rehearing Denied Oct. 9, 1912.)

1. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT ON TRACK—DISCOVERED PERIL.

In order to recover against a railway company for injuries to an employé from being struck by a train while he was walking on the main track, and in the performance of his duties taking note of cars standing on a side track, the plaintiff was required to prove that the train operatives must have known of the injured person's presence on the track, and have realized either that he could not or would not leave the track in time to have stopped the train with the means then at hand.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT ON TRACK—DISCOVERED PERIL—SUFFICIENCY OF EVIDENCE.

Evidence in an action for injuries to a servant of a railroad from being struck by a train while walking on the track *held* insufficient to show that the train operatives realized his peril at such time as they could, by the use of the means at hand, have stopped the train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 137*)—SERVANT WALKING ON TRACK.

The operatives of a train may assume that a servant of the railroad walking on the track will get out of the way, in the absence of something definitely indicating otherwise.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

Appeal from District Court, Ector County; S. J. Isaacs, Judge.

Action by J. W. Hope against the Texas & Pacific Railway Company. From judgment for plaintiff, defendant appeals. Reversed.

Douthit & Smith, of Sweetwater, Howard & Capers, of Midland, and W. L. Hall, of Dallas, for appellant. F. A. Judkins, of Odessa, and Chas. Gibbs, of Midland, for appellee.

PETICOLAS, C. J. Willie Hope, a minor, was in the employment of the defendant at Odessa. About 2 p. m. October 3, 1909, he had sealed the doors of the cars contained in a freight train standing on a side track north of and parallel to defendant's main line. He began this work at the west end of the train, and going easterly. When he completed this task and reached the freight engine at the east end of the train, he turned back west, walking down the center of the main track, noting down in a book the numbers and initials of the cars in the freight train, which was standing on the side track. The defendant's passenger train approached from the east, struck Willie Hope, and injured him. From the point involved it was about one mile along a straight, level track to the crest of the first hill east, and there was no curve or obstacle of any sort which could obstruct the view either of the train operatives or the person on the track. The case was submitted to the jury upon discovered peril, and resulted in a verdict for the plaintiff.

The engineer who was in charge of the train died before trial, but the fireman testified: "When I first saw him, he was near the east switch, at the stockyards, crossing to the south side, somewhere about the engine tank. He then walked down the main line, west, between the rails. The engineer blew the whistle and I rang the bell, commencing about 150 to 200 feet from him. The boy did not look back toward the engine until we were within 10 feet of him. He was looking toward the north side. He looked over toward a string of box cars while we were blowing the whistle. After the whistle was blown, the engineer applied the air. He did not apply the emergency at the start, just gave a service application, and before he struck the boy he put the air in the emergency. When I first saw him on the track, that was just as we came over the hill. It was from three-quarters to a mile to the hill in question."

[1] Under the view we take of the case, it is unnecessary to discuss the assignments seriatim. It seems to be settled law, however, in this state that a railway company cannot be held liable because the servant was negligent in failing to discover the person or in failing to recognize his peril, but it must appear that the servant saw the man, realized his peril, that he would not get off

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the track, and that in time, by the use of the means at hand, to stop the train before hitting him. See Railway Co. v. McMillan, 100 Tex. 562, 102 S. W. 103; Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410, in which case it is also said that the burden of proof was upon the plaintiff to establish that the employés actually possessed the knowledge that he was in danger. See, also, Railway v. Magee, 92 Tex. 616, 50 S. W. 1013; Railway v. O'Donnell, 99 Tex. 636, 92 S. W. 409; Railway v. Shetter, 94 Tex. 196, 59 S. W. 533. In order, therefore, to recover upon the principle of discovered peril, there are three elements which it is essential for the plaintiff to prove, either by direct or circumstantial evidence: (a) The train operatives must have known that the person who was injured was on the track; it is clear in this case that the evidence shows that the train operatives did know that Hope was on the track; (b) they must have realized his peril; which in this instance means that they must have realized that he either could not or would not leave the track; (c) they must have realized his peril in time to have stopped the train with the means then at hand.

[2] The only testimony called to our attention in the brief of either party on the subject of how long it would take to stop a train traveling at the rate of speed this one was tends to establish that it could not have been stopped in less than from 525 to 750 feet. It is apparent that the only evidence in the case tending even circumstantially to show when the operatives realized Hope's peril is the showing that they blew the whistle and rang the bell at about 200 feet from Hope. This evidence does not support the issue, because it is, at the same time, established that it was impossible to stop the train within that distance. It is contended by the appellee that the testimony of the fireman that Hope never looked back is sufficient to support the verdict of the jury, in that it is a circumstance tending to show that the train operatives realized that he would not leave the track from the fact that he did not look back. We are unable to agree to this view. Putting ourselves in the fireman's place, and conceding that for a distance of a mile he had Hope in view, and that Hope did not look back, it is still apparent that he might, under the decisions, assume that Hope would look back and would leave the track in time to avoid injury; so that when he reached a distance, say, of 600 feet, and although he knew, if he went further, he would not have time to stop the train if Hope did not leave the track, yet it would be but reasonable that he should momentarily be expecting Hope to look back and to leave the track.

[3] At any rate, the decisions seem to establish that the operatives, in the absence of something definitely indicating that he will not do so, have the right to assume that the party will leave the track. The writer has never believed that this should be the law, but that it is the established law, under the decisions, there seems no question.

It follows, therefore, that the evidence in this case is insufficient to show that the train operatives realized Willie Hope's peril at such time as they could by the use of the means at hand have stopped the train. It may be that, under the evidence indicated in the record to the effect that the whistle was not blown or the bell not rung until the train was almost upon Hope, negligence on part of the operatives, in not sooner sounding the bell or blowing the whistle, might be predicated, but in the trial of this case no such issue was submitted to the jury; it having been submitted entirely upon discovered peril.

There being no sufficient evidence to support the issue of discovered peril, the case must be reversed, and it is so ordered.