### PARIS & G. N. R. CO. v. LACKEY.
(No. 1341.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 29, 1914.)

1. MASTER AND SERVANT (§ 112*)—INJURY TO SERVANT—NEGLIGENCE—PROXIMATE CAUSE.

Where a railroad employé, struck by an engine moving on a track in railroad yards, was not injured because of any necessity, in the discharge of his duty, to assume the position he did with reference to an adjacent track, the fact of the nearness of the two tracks could not be relied on as negligence, for the negligence, if any, in constructing the tracks close together was not a proximate cause.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 212, 213, 218–223; Dec. Dig. § 112.*]

2. EVIDENCE (§ 244*)—DECLARATION OF EMPLOYÉS—ADMISSIBILITY.

Declarations made by an engineer the day following his striking plaintiff with an engine that he might have done more than he did to avoid the accident were inadmissible as against their common employer.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

3. MASTER AND SERVANT (§ 248*)—INJURY TO SERVANT—DISCOVERED PERIL.

To support a charge of actionable negligence of a railroad company on the doctrine of discovered peril, the employé injured by being struck by an engine must show facts authorizing a finding that the men in charge of the engine realized that the employé was in danger and neglected to use available means to avoid injuring him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 801–804; Dec. Dig. § 248.*]

4. EVIDENCE (§ 586*)—NEGATIVE EVIDENCE—WEIGHT.

Testimony of witnesses that they did not hear the bell on an engine has probative force, provided they were so situated that in the ordi-

---

nary course of events they would have heard the bell had it been rung.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2432–2435; Dec. Dig. § 586.*]

5. TRIAL (§ 139*)—EVIDENCE—QUESTION FOR JURY.

Where there was positive and negative testimony on the issue whether an engine bell was rung, the question is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

Error from District Court, Lamar County; A. P. Dehoney, Judge.

Action by J. T. Lackey against the Paris & Great Northern Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Tracks 1 and 2 in plaintiff in error's (hereinafter referred to as defendant) yards at Paris ran north and south. The distance between the west rail of track 1 and the east rail of track 2 was 7 feet and 7 inches. Cars set opposite, or passing, each other on the tracks would be 29 or 30 inches apart. In July, 1911, defendant in error (hereinafter referred to as plaintiff) was employed by defendant, and had been during the preceding seven months, as a general "roustabout." He helped in defendant's blacksmith shop, and repaired and helped to ice and sweep out passenger cars used by defendant in its business as an interstate carrier. On the morning of July 23, 1911, plaintiff had assisted in cleaning and icing coaches set on track 1, about ready to be sent out in one of defendant's trains, and had walked north between the two tracks, by the side of the cars standing on track 1, and, while in the act of picking up certain tools lying between the tracks, was struck by an engine moving north on track 1 at a speed of 3 or 4 miles an hour. He claimed he was injured as a result of the accident, and that defendant was liable to him for damages he thereby suffered, because of negligence on its part, first, in constructing tracks 1 and 2 so close together; second, in failing, through its employés in charge of the engine, to use due care to avoid injury to him after said employés discovered him to be in a place of danger from the engine; and, third, in failing to warn him of the approach of the engine to the point where he was engaged in picking up the tools. In the charge of the court each of these grounds of negligence was submitted to the jury, and they were authorized to find against defendant on each or all of them. A general verdict in plaintiff's favor having been returned, and judgment entered accordingly, defendant prosecuted this appeal.

Andrews, Ball & Streetman, of Ft. Worth, and Wright & Patrick, of Paris, for plaintiff in error. Love & Hutchison, of Paris, for defendant in error.

WILLSON, C. J. (after stating the facts as above). In the view we take of the case as made by the testimony in the record, it is believed the appeal can be sufficiently disposed of by briefly stating the conclusions reached, without specific reference to the assignments of error.

[1] 1. The trial court erred in submitting to the jury an issue as to whether or not defendant was guilty of negligence in constructing tracks 1 and 2 so close together. In reaching this conclusion, we have not thought it necessary to first determine whether, on the facts shown by the testimony, negligence of which plaintiff had a right to complain could have been predicated on the nearness of tracks 1 and 2 to each other or not, for it is clear, if defendant was guilty of negligence in constructing the tracks so close together, its negligence in that respect was not a proximate cause of the injury to plaintiff. If he was struck by the engine, it was because of the position he occupied with reference to track 2, and it did not appear that it was necessary, in the discharge of his duty, for him to assume that position because of the proximity of track 1, or that the nearness of that track to track 2 had anything to do with his assuming that position. In the position he occupied he would have been struck as he was had tracks 1 and 2 been 50 instead of 7 and a fraction feet apart.

[2, 3] 2. The trial court further erred in submitting to the jury an issue as to "discovered peril." Unless the testimony of the witness Williams as to declarations made to him by the engineer the next day, or later, after the accident, tending to show that he might have done more than he did to avoid it, should be considered, there was nothing in the evidence heard to support a finding that plaintiff was in danger from the engine until he stooped to pick up the tools, or, if he was, that the employés in charge of the engine realized it, nor to support a finding that the perilous position occupied by plaintiff at the time he stooped to pick up the tools was discovered by said employés in time to have avoided the accident. It is clear that defendant was not bound by the declarations in question, if made by the engineer, as testified to by Williams, and therefore that same should not be considered in passing on the sufficiency of the evidence to support the finding in question. Henry v. Phillips, 105 Tex. 459, 151 S. W. 537. To support a charge of negligence on the part of defendant on the doctrine of "discovered peril," it was indispensable that there should be testimony authorizing a finding that the employés in charge of the engine realized that plaintiff was in danger therefrom, and neglected to resort to means they should have resorted to, in the exercise of due care, to avoid striking him. Railway Co. v. Bread-

ow, 90 Tex. 26, 36 S. W. 410; Railway Co. v. O'Donnell, 99 Tex. 636, 92 S. W. 409; Railway Co. v. Hope, 149 S. W. 1077.

[4, 5] 3. It is not believed that defendant's contention that the testimony was not sufficient to support a finding that it was guilty of negligence in failing to warn plaintiff of the approach of the engine should be sustained. The contention is based on the fact that its witnesses swore that the bell was ringing, while the testimony of plaintiff, as it construes it, and of his witness Windom was to the effect merely that they did not hear the bell ringing. The argument is that, in face of positive testimony that the bell was ringing, negative testimony to the contrary was without probative force. The contention seems to be supported by Railway Co. v. Kutac, 76 Tex. 473, 13 S. W. 327, which was the authority relied upon for a similar ruling made in Railway Co. v. Anderson, 126 S. W. 928, cited by defendant. We do not agree that those cases correctly interpret the law controlling the question, and therefore we are unwilling to follow them. That the testimony of witnesses that they did not hear the bell was admissible to prove it was not rung cannot be doubted. "Courts," said Professor Wigmore, "have often been asked to exclude testimony based on what may be called negative knowledge; i. e., testimony that a fact did not occur, founded on the witness' failure to hear or see a fact which he would supposedly have heard or seen if it had occurred. But there is no inherent weakness in this kind of knowledge. It rests on the same data of the senses. It may even sometimes be stronger than affirmative impressions. The only requirement is that the witness should have been so situated that in the ordinary course of events he would have heard or seen the fact had it occurred." And he adds: "This sort of testimony, on the authorities stated, is constantly received —particularly in proof of the failure to give railroad signals," etc. 1 Wig. on Ev. § 664. And see Railway Co. v. Hansford, 125 Ala. 349, 28 South. 50, 82 Am. St. Rep. 241; Walsh v. Railway Co., 171 Mass. 52, 50 N. E. 453. Such testimony being admissible as proof, in a case like this one, that the bell was not rung, whether it was sufficient proof of the fact or not should be left to the determination of the jury. "When evidential facts are once admitted by the judge," said Professor Wigmore in another volume of the same work, "their individual and total weight or probative value is for the jury." 4 Wig. on Ev. § 2551. Had there been no testimony to the contrary, we are sure defendant would not question the sufficiency of the testimony of witnesses, showing they were in a position to hear and did not hear the bell ring, to prove the fact that it was not rung. If it would not question its sufficiency in that event, then logically it should

not because of the testimony to the contrary, for the jury had a right, if they chose to do so, to wholly disregard the testimony of the witnesses to the effect that the bell was rung.

It follows, from what has been said, we are of the opinion that, on the testimony in the record, negligence, if any, on the part of defendant could be predicated alone on its failure, as charged, to warn plaintiff of the approach of the engine. Therefore the issue as to liability on the part of defendant or not, made by that testimony, it seems to us was determinable by the answer the jury might make to the question as to whether it was guilty of negligence in the respect stated or not, and if answered in the affirmative, the answer they might make to the question as to whether plaintiff was guilty of contributory negligence or not.

The judgment is reversed, and the cause is remanded for a new trial.