BOYD v. TEXAS EMPLOYERS INS. ASS'N.

No. 6318.

Court of Civil Appeals of Texas. Texarkana.

Nov. 1, 1947.

Rehearing Denied Nov. 13, 1947.

Atchley & Vance, of Texarkana, for appellee.

HARVEY, Justice.

This is an appeal in a workmen's compensation suit in which judgment was entered in favor of the defendant upon a jury verdict. A prior appeal was before this court and the judgment of the trial court in favor of the plaintiff below was reversed upon different grounds from those involved in this appeal, and the case remanded for a new trial. See Texas Employers Insurance Association v. Boyd, Tex.Civ.App., 199 S.W.2d 257. In the present suit appellee, defendant below, denied under oath that it or the employer had notice of any injury to the plaintiff within thirty days of the happening thereof, and also denied that the appellant was incapacitated as alleged. Special issues were answered favorably to the plaintiff, with the exception of special issue No. 5, which was as follows: "Do you find from a preponderance of the evidence that the plaintiff Elmo Boyd told defendant's foreman, on the occasion in question, when he claims he received the injury that he, the plaintiff, had hurt his back?" This issue was answered in the negative. At the time of the trial it was agreed between the parties that an answer to this issue would determine whether or not the statutory notice of injury had been given by the plaintiff. The trial court entered judgment for the defendant, and thereafter the plaintiff filed a motion for a new trial setting up jury misconduct in connection with the jury's answer to special issue No. 5. After hearing the motion and the testimony of a number of the jurors in the case, the trial court overruled the motion for a new trial and entered judgment for the defendant, from which action of the court this appeal has been prosecuted.

Appellant assigns error to the action of the trial court in overruling his motion for a new trial on the ground that misconduct of the jury had been established as a matter of law, with a showing made of probable injury occasioned thereby, and that consequently he was entitled to a new trial. There were no findings of fact filed by the trial judge and in the absence there-

William V. Brown and William V. Brown, Jr., both of Texarkana, for appellant.

of, presumably he found that there was no jury misconduct. Norris Bros. v. Mattinson, Tex.Civ.App., 145 S.W.2d 204. The precise point presented on this appeal, therefore, is whether or not there is proper support in the evidence upon which to base a finding that the jury misconduct as alleged did not occur. Nine jurors testified upon the hearing of the motion for new trial. Without going into detail with respect to their testimony, it is sufficient to note that one of the jurors who was offered by the appellant said that while the jury were deliberating upon how to answer special issue No. 5, and while the jury was in disagreement as to whether such issue should be answered "yes" or "no," some one made the remark that it didn't make any difference how the issue was answered inasmuch as they had already found in favor of the plaintiff and he would get his money anyway. This juror further testified that by reason of such statement he was influenced to change his vote and vote with the others in answering the issue in the negative; that had he known that in so doing it would have had any effect on the judgment to be entered in the case he would not have done so. He named three jurors whom he thought made the statement in question. Each of these jurors denied having made the statement, as likewise did all of the remaining jurors who testified. Another juror stated that he heard a remark made in the jury room by some one on the jury to the effect that such juror wondered whether or not it would make any difference how they answered a question. Of the five jurors introduced as witnesses by the plaintiff on the hearing, only two of them said they heard the alleged improper remark made. All denied having made this remark. On the other hand, the four jurors used as witnesses by the defendant all stated that they did not make the statement under discussion and each one testified that he did not hear it made.

Under Rule 327, Texas Rules Civil Procedure, the burden rests upon the one asserting jury misconduct as grounds for a new trial to prove by a preponderance of the evidence the occurrence of such alleged misconduct, as well as showing that such misconduct probably resulted in injury to the complainant. Barrington v. Duncan, 147 Tex. 510, 169 S.W.2d 462. The trial judge hearing the testimony adduced upon a hearing on a motion for a new trial occupies the same position as the jury; that is, he determines the credibility of the witnesses and the weight to be given to each one's testimony. In cases where there is a conflict of testimony, on appeal the reviewing court will not disturb the trial court's fact findings where they have proper support in the record. However, Courts of Civil Appeals may reverse a judgment, and it is their duty to do so, if it is against such preponderance of the evidence that it ought not to be permitted to stand. Patrick v. Smith 90 Tex. 267, 38 S.W. 17; Marshburn v. Stewart, 113 Tex. 507, 260 S.W. 565. With reference to the testimony of these several witnesses who stated they did not hear the remark alleged to have been made, some of whom stated in addition that they did not think it could have been made without their having heard it, we are of the opinion that such testimony, although negative in nature, is sufficient to raise a fact issue under the circumstances that existed. Paris & G. N. R. Co. v. Lackey, Tex.Civ.App., 171 S.W. 540. It was developed that the jury room was about 20 feet square, and some of the jurors stated that they were in position to hear any statements or discussion that was made by the jury at all times that they were deliberating upon the issues in the case. One of the jurors testified that neither he nor any other juror trying the case made the statement in question. Under these facts, where such jurors had equal opportunity to hear something that might have been said and no reason was shown as to why they could not have heard some particular statement, testimony of a juror to the effect that he did not hear a certain remark is on a parity with that of some one else who might say that he did hear the statement in question. Such negative testimony in connection with the assertions that the remark in question was heard, presents a conflict in evidence and raises an issue of fact to be passed upon by the trial judge. Taken as a whole, the trial court was warranted in concluding that

the plaintiff did not establish misconduct by a preponderance of the evidence, and as a consequence correctly overruled the motion.

While the jurors were testifying on the hearing several stated that they were trying to answer the questions so that the plaintiff would recover; another said that in arriving at an answer to issue No. 5 he took into consideration the fact that the plaintiff was a Negro, and a witness who contradicted him was a white man; still another juror said he told the jury from his own experience that if the plaintiff had reported the accident the company would have done something about it. Appellant did not assign any of these matters as error in his motion for a new trial, but contends that they constitute fundamental error. We do not think that such matters constitute fundamental error in fact, not being apparent from the record but ascertainable only from an examination of the statement of facts. Therefore, under the rules of procedure as now in force in Texas they are considered as having been waived, and this court is not authorized to review them. Rule 324, Texas Rules Civil Procedure. One Court of Civil Appeals in construing this rule holds that it was intended by reason of its adoption, coupled with the repeal of Art. 1837, R.C.S. of Texas, 1925, to eliminate fundamental error as an exception to the requirement that all errors depended upon must be assigned as error in the motion for a new trial, and that now in order to have an error considered, whether fundamental or otherwise, it must be assigned in the motion for a new trial. City of Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193. In view of our conclusion that the matters complained of are not fundamental in nature, we express no opinion with regard to the interpretation of the rule as announced in the case above mentioned. The effect of the theory of appellant, if applied in actual practice, would be to disrupt the orderly disposition of cases in the trial courts, since the party seeking a new trial could allege some specific act of misconduct on the part of the jury and then, upon a hearing thereon, would be given unlimited latitude to explore into all that the jury had said or done in their retirement in the hope of developing something that could be seized upon as a basis for an assignment of fundamental error.

The judgment of the trial court is affirmed.