**POZOS et ux. v. RIVERO.**

No. 11984.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 28, 1949.

Guy Bonham, San Antonio, for appellants.

George F. Manning, San Antonio, for appellee.

NORVELL, Justice.

In this suit Joe Rivero sought a recovery upon a promissory note for $6,500, together with the foreclosure of a mechanic's and materialman's lien and a deed of trust lien upon Lots 3 and 4 of New City Block 2820 of the City of San Antonio, Texas. Appellants, Abraham Pozos and wife, by way of defense and cross-action, asserted that in constructing a building for appellants upon the premises above described appellee had not conformed with the terms of the contract and building specifications agreed upon by the parties; that said building was of faulty and inferior construction, and that appellee had not performed his services in a good and workmanlike manner.

The case was submitted to the jury upon numerous special issues and the jury found, in effect, that Rivero had constructed the building and improvements called for by the contract in a good and workmanlike manner and according to the plans and specifications agreed to by the parties. Judgment for appellee was rendered upon the verdict.

By their first point appellants assert that the trial court committed reversible error in excluding from evidence twenty-nine photographs of the building here involved. These photographs show that cracks had developed in the floor and walls of the building since its construction. When the offer was made the trial judge in ruling stated: "If there was any dispute about the cracks, and things, in this building I would admit the photographs, but every witness who has been on the witness stand, even including the plaintiff, says the cracks are there. The defendant's witnesses, the engineer and and the contractor say they are there. * * * There is no dispute about those cracks being there; none whatever. Every witness who has been on the witness stand, including the plaintiff who built the building, says they are there. Mr. Drought (appellee's witness) says they are there. The man this morning said they were there."

 The record bears out the trial judge's statement as to the state of the testimony. It was undisputed that the building was in an unsatisfactory condition at the time the pictures were taken, which was some time after the building was constructed and had been accepted by appellants. The controverted issue was whether or not this condition was due to appellee's alleged failures, or due to faulty design or to some cause not attributable to appellee. In limiting the evidence bearing upon an uncontroverted fact, the trial judge did not abuse the discretion vested in him by law. Appellants' first point is overruled. Stallings v. Hullum, 79 Tex. 421, 15 S.W. 677.

 Appellants' second and third points complain of the court's action in giving certain supplementary instructions to the jury. These points are not supported by assignments in the motion for new trial, as required by Rule 374, T.R.C.P. The error, if any, relied upon is not fundamental in nature. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; Worden v. Worden, Tex. Sup. 224 S.W.2d 187. Said points are overruled.

The judgment is affirmed.

BROETER, J., not participating.