CHARLES L. BERLY v. JOHN M. SIAS ET UX.

No. A-3551. Decided February 4, 1953.
Rehearing overruled March 18, 1953.
(255 S.W. 2d Series 505)

*Marcus & Weller* and *David C. Marcus,* all of Beaumont, for petitioners.

The Court of Civil Appeal erred in holding as a matter of law that failure to describe the judgment of revivor in the face of the writ of execution tended so directly to produce an inadequate price that such price would be attributed thereto; that it did not affect the price for which the land was sold, and that such sale should be set aside, all contrary to the holding of the trial court. Allen v. Pierson, 60 Texas 604; Houston v. Shear, 210 S.W. 976; Scott v. McGlothlin, 30 S.W. 2d 511.

*E. W. Easterling, E. E. Easterling, Adams, Browne & Sample,* and *Gilbert T. Adams,* all of Beaumont, for respondents.

The original judgment of 1932 being dormant an action to revive it and a judgment thereon was void, and since the plaintiffs were nonresidents of the state at that time there was a complete absence of authority by which this action could be brought and no jurisdiction could be obtained over them, therefore the judgment of the trial court should be reversed and judgment rendered for the plaintiffs, the Siases. Collins County Natl. Bank v. Hughes, 220 S. W. 676; Ferguson-McKinney Dry Goods Co. v. Garrett, 235 S. W. 245, 252 S.W. 738; Hughes v. Hess, 172 S. W. 2d 301.

MR. JUSTICE WILSON delivered the opinion of the Court.

The opinion handed down in this cause on October 22, 1952 is withdrawn and the following opinion is substituted in lieu thereof:

Plaintiff filed this suit as an attack upon a sheriff's sale of real property sold under execution in 1939 to satisfy a county court judgment rendered in 1932. The Court of Civil Appeals has held that the trial court's judgment sustaining the sale must be reversed because of an irregularity in the execution sale which directly tended to produce an inadequate sales price. The holding is that the inadequate price will be attributed to this irregularity unless evidence shows that it did not cause the inadequate price. The case has been remanded to give the defendant an opportunity to show that the irregularity did not cause the inadequate sales price. See 245 S.W. 2d 503 for a detailed statement of the facts. We do not pass upon this question.

The irregularity alleged was the failure of the writ of execution issued in 1939 to refer to the fact that the original 1932 judgment had been revived by scire facias in 1938.

The first question for us to determine is whether or not this is in fact an irregularity. Must an execution, issued upon a judgment revived by scire facias, recite the fact of revival by scire facias?

■ This execution was issued before the promulgation of the Texas Rules of Civil Procedure, so the requisites of the execution will not be determined by Rule 629, T.R.C.P., but by its predecessor statutes, Arts. 2446 and 3783, V.A.C.S. 1925. Article 2446 required that the execution "shall conform to the requirements of writs" and "shall describe the judgment." The phrase "conform to the requirements of writs" can only mean the requirements of writs as known and used in the courts of Texas. Such references in our law do not incorporate into our law the English common law pleading and practice. Underwood v. Parrott, 2 Texas 168. Thus we are not concerned with the former distinction in common law practice between original writs to which a party may plead and judicial writs to which a party may not plead.[1] Therefore, we conclude that the statutory phrase "shall conform to the requirements of writs" means the requisites of writs as established by statute and that this phrase does not in and of itself require that the scire facias be mentioned in the writ of execution.

Art. 3783 requires that an execution:

"* * * shall correctly describe the judgment stating the court wherein and the time when rendered, the names of the parties, the amount, if it be for money, and the amount actually due thereon, if less than the original amount, the rate of interest, if other than six per cent."

■ This statute then details a number of other requisites including a Bill of Costs. Neither Art. 2446 nor Art. 3783 specially requires that the execution contain a recital of a scire facias. The phrase "describe the judgment" means the one and only final judgment and does not include an order reviving a judgment. The order reviving the judgment cannot change, expand, or contract the original judgment in any way. It operates as a

---

[1] Stat. at Large, p. 109, 13 Edward I, c. 45 (Stat. of Westminster, 2d).

lifting of the bar to its enforcement. It does not become a part of the original judgment although it is a portion of the proceeding supporting that judgment. Therefore, we hold that an execution is not condemned by Art. 2446 or Art. 3783 because it fails to specifically recite the revival of a judgment by scire facias.

Art. 2446 also requires:
"* * * the officer to make the costs which may have been adjudged against the defendant in execution, and the further costs of executing the writ. A certified copy of the costs, taxed against the defendant in execution according to the fee book up to the issuance of the execution, shall be attached to the writ."

This statute, as does also Art. 3783, incorporates into the writ itself the recitations of the Bill of Costs. The Bill of Costs attached to this execution in the case at bar contained the following words and figures.

```
"Writ of Scire Facias                              $ 1.00
 Order Reviving Judg.                                 .50
 Total Clerk's Costs                                 4.05
 Writ of Scire Facias and Miles                      6.50
 Total Sheriff's Costs                               7.96
                                                   -------
 Grand Total Costs                                 $15.00"
```

At the very least these cost recitations alone and of themselves would put a prospective bidder on inquiry concerning a scire facias. Art. 1942, V.A.C.S. 1925, makes the Clerk of the County Court the custodian of the records of that court and Art. 1943 requires him to "keep a fair record of all acts done and proceedings had" including the duty of entering "all judgments." He must index and cross-index the "names of the parties to all suits" and "a reference shall be made opposite each name to the page of the minute book upon which is entered the judgment in each case." Art. 1944, V.A.C.S. 1925. All of his records, including these indexes and minutes, are required to be open at all reasonable times "to the inspection and examination of any citizen" Art. 1945.

The original judgment was against Mrs. Birdie Eastham who subsequently married and took the name of Mrs. John M. Sias. It was in favor of Ogdan Johnson, Receiver, and was duly transferred to Charles L. Berly. The proceeding for scire facias

was filed as a motion in the original cause. The court entered his order reviving the judgment under the style and number of the original judgment. We presume the clerk indexed it that way. An examination of the original proceedings could not fail to disclose that the judgment had been revived. ·

■ We hold that where the bill of cost recites items resulting from a scire facias a bidder, in determining whether a judgment is dormant, is charged with notice of that which can be determined from an examination of the original proceeding.

Since we have concluded that this execution was not legally defective and that prospective bidders were charged with notice that the judgment had been revived, there remains no possibility of a factual inquiry requiring a remand.

Plaintiffs contend that the scire facias was itself invalid for lack of personal service. On September 2, 1938, when plaintiff filed a motion for scire facias, plaintiff was a resident of Pennsylvania and consequently a nonresident of Texas. A nonresident notice and writ of scire facias were served upon plaintiffs in Pennsylvania. No answer was filed or appearance made, so on answer day the court entered an order reviving the judgment and providing "let execution issue."

■ We agree with the conclusion of law of the Honorable Court of Civil Appeals in holding that the motion to revive the judgment was a scire facias proceeding and not a suit for debt on the judgment. We agree also with their holding that a motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case. Collin County Nat. Bank v. Hughes, 110 Texas 362, 220 S.W. 767.

■ Defects in the proceedings leading up to the original judgment cannot be raised in the case at bar as this would constitute a collateral attack upon that final judgment.

Plaintiffs below contend that the original citation supporting the original judgment is void because not directed to the sheriff of the county in which the defendant resided. They say that in any event this should be considered as contributing to an inadequate sales price. The trial pleading in the case at bar does not question that citation. No assignments of error in the Court

of Civil Appeals make the point that the original judgment was void through lack of jurisdiction of the person because of defective citation. Neither was there an assignment before the Court of Civil Appeals that this brought about or contributed to an inadequate sales price. This is not fundamental error and cannot be considered on appeal unless it is properly before the appellate court. It is not apparent on the face of the record (pleadings) in the case at bar. Therefore we have not considered it. Ramsey v. Dunlop, 146 Texas 196, 205 S.W. 2d 979; Worden v. Worden, 148 Texas 356, 224 S.W. 2d 187; Boyd v. Texas Emp. Ins. Assn., CCA, 207 S.W. 2d 709, wr. er. refused; Pozos v. Rivero, 225 S.W. 2d 1017; Hartford Accident & Indemnity Co. v. Morris, 233 S.W. 2d 218.

Accordingly the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed. Costs are taxed against the respondents (plaintiffs below).

Respondent will of course have fifteen days from this date in which to file a motion for rehearing.

Associate Justice Culver not sitting.

Opinion delivered February 4, 1953.

Rehearing overruled March 18, 1953.