Maria **DELGADILLO** et al., Appellants,

v.

**TEX–CON UTILITY CONTRACTORS, INC.**, Appellee.

No. 18648.

Court of Civil Appeals of Texas, Dallas.

July 10, 1975.

Rehearing Denied Aug. 7, 1975.

William A. Barber, Jr., Dallas, for appellants.

Webber W. Beall, Jr., Touchstone, Bernays & Johnston, Dallas, for appellee.

AKIN, Justice.

Maria Delgadillo, Juana Macias and Maria Sosa, individually and as next friend for their minor children, sued Tex-Con Utility Contractors, Inc. to recover exemplary damages, as authorized by Tex.Const. art. XVI, § 26 and Tex.Rev.Civ.Stat.Ann. art. 8306, § 5 (Vernon 1967) for the deaths of plaintiffs' husbands and parents. Plaintiffs had previously received death benefits under the Texas Workmen's Compensation Act. The deceased employees were killed while working at the bottom of an eighteen-foot manhole in a trench when a large rock collapsed into the excavation. The jury found in answer to special issues that defendant's failure to perform specific acts [1] did not constitute gross negligence and that each deceased employee voluntarily assumed the risk of working in the manhole without shoring or bracing. The trial court entered a judgment based upon the jury's verdict and plaintiffs bring this appeal.

We are presented with two principal questions. First, was there any evidence of gross negligence on the part of defendant? Secondly, did the trial court err in excluding from evidence certain photographs depicting the excavation site after the cave-in and during rescue operations? We answer these questions in the negative and, therefore, affirm the judgment of the trial court.

1. The jury found that defendant failed to give the deceased employees written instructions for shoring or bracing the excavation; failed to have screw jacks in the excavation; failed to shore or brace the side of the excavation; failed to obtain an engineering analysis of the substrata's ability to resist shelving and allowed the deceased employees to work with air hammers in the excavation.

## Gross Negligence

Plaintiffs argue that the trial court erred in failing to submit special issues which, if submitted to the jury and answered in the affirmative, would constitute gross negligence. These issues are: (1) Whether or not defendant failed to provide rules and regulations for the safety of the deceased employees; (2) whether or not the defendant failed to warn the deceased employees of the hazards of their employment; (3) whether or not defendant failed to furnish the deceased employees with safe machinery or instrumentalities with which to labor; (4) whether or not plaintiff failed to furnish the deceased employees with a reasonably safe place to work; and (5) whether or not plaintiff left supervision of the subject excavation under the control of an incompetent employee on the occasion in question. Defendant, in its first counterpoint argues, however, that no gross negligence exists as a matter of law. We agree. A complete review of this record compels our conclusion that there was no gross negligence on the part of defendant.

The Texas Supreme Court in *Armco Steel Corp. v. Jones,* 376 S.W.2d 825, 828 (1964) approved the test for recovery of exemplary damages for gross negligence first enunciated in *Missouri Pacific R.R. v. Shuford,* 72 Tex. 165, 10 S.W. 408 (1888). That test is as follows:

> Gross negligence, to be the ground for exemplary damages, should be that *entire want of care* which would raise the belief that the act or omission complained of was the result of a *conscious indifference* to the right or welfare of the person or persons to be affected by it. [Emphasis by Supreme Court.]

The Supreme Court in *Armco Steel* held that to constitute gross negligence the negligent act must be positive or affirmative rather than merely passive or negative. The court further observed that to warrant exemplary damages for gross negligence there must have been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences. *Accord, Loyd Electric Co. v. DeHoyos,* 409 S.W.2d 893 (Tex.Civ.App.—San Antonio 1966, writ ref'd); *Ballenger v. Mobil Oil Corp.,* 488 F.2d 707 (5th Cir. 1974); *cf. Clements v. Withers,* 437 S.W.2d 818 (Tex.1969). In *Woolard v. Mobil Pipe Line Co.,* 479 F.2d 557, 565 (5th Cir. 1973), the Court of Appeals for the Fifth Circuit discusses Texas law in detail and states: "As these cases indicate, the Texas view of gross negligence contemplates something just short of intentional wrongdoing." *Id.* at 565.

■ This record discloses no evidence of any wilfulness, wantonness, malice or conscious indifference to the welfare of any employees. To the contrary, the evidence is undisputed that defendant affirmatively exercised numerous safety precautions for the protection of its employees. The record reveals that defendants removed the topsoil from the excavation site and constructed the manhole in which the deceased employees were working so that the walls of rock were at the ninety-degree angle of repose as recommended by various excavation safety codes and as practiced by the industry. The defendant provided shoring and bracing materials for use on the job site; it instructed an employee to stand at ground level and watch the men while they were working; it required all employees, including the deceased employees to wear hard hats and it provided an employee to translate safety instructions and other information from English into Spanish for the benefit of the employees. Furthermore, defendant provided an adequate job crew with extra men thereby permitting employees to rest frequently during excavation. Immediately before the collapse, the job superintendent went into the excavation to inspect the walls. This evidence negates any conscious indifference to the safety and welfare of its employees and, therefore, defendant did not commit gross negligence.

■ Moreover, the burden of proof is upon plaintiffs to prove that defendant

knew of the danger and consciously failed or neglected to take precautions. *Texas Pacific Coal & Oil· Co. v. Robertson,* 125 Tex. 4, 79 S.W.2d 830 (1935); *Bennett v. Howard, supra.* The record reveals that defendant could not reasonably have foreseen that this accident would occur. One witness described the collapse as a "freak accident." Furthermore, as noted supra, defendant's superintendent, who had over thirty-one years in the earth-excavation business and who was familiar with this type of rock, descended into the manhole immediately prior to the accident in question. He testified that he did not foresee any kind of a problem that would indicate the rock might fall into the excavation or any other accident that might occur. We hold, therefore, that plaintiffs failed to prove that defendant knew of the danger and failed to take precautions. Since we have concluded that there exists no gross negligence as a matter of law, the trial court was not in error in refusing to submit the additional issues requested by plaintiffs.

### *Exclusion of Photographs*

Plaintiffs contend that the trial court erred in failing to admit into evidence certain photographs depicting the excavation site after the cave-in and during rescue operations. The purpose of plaintiffs' tender of these pictures into evidence was to show the manhole, the rock that fell in, and the type of rock in which the manhole was being dug. There were, however, numerous photographs admitted into evidence which show the same physical characteristics of the excavation site that the excluded photographs reveal. In limiting the evidence bearing upon facts adequately shown by other proof, the trial court did not abuse its discretion. *Stallings v. Hullum,* 79 Tex. 421, 423, 15 S.W. 677 (1891); *Galveston, H. & S. A. Ry. v. Matula,* 79 Tex. 577, 580, 15 S.W. 573 (1891); *Railroad Commission v. Shell Oil Co.,* 369 S.W.2d 363, 373 (Tex.Civ. App.—Austin 1963), *aff'd,* 380 S.W.2d 556 (Tex.1964); *Pozos v. Rivero,* 225 S.W.2d

1017, 1018 (Tex.Civ.App.—San Antonio 1949, no writ); 2 C. McCormick & R. Ray, Texas Evidence § 1465 (2d ed. 1956).

Plaintiffs further argue that the trial court erred in refusing to admit into evidence certain deposition testimony of Clarence Maas, the defendant's foreman, in which he stated that a seam in a rock formation usually causes a cave-in and that the collapse here probably resulted from such a seam. We need not consider this contention because even if exclusion of this testimony was error, it was harmless error. This is true because the excluded hypothetical testimony does not prove gross negligence as plaintiffs failed to offer any evidence that the defendant was aware of such a seam and failed to initiate appropriate safety precautions. In fact, Maas's testimony supports the defendant's position that none of its employees had knowledge of any dangerous condition which existed on the excavation site.

We need not pass on the question of alleged jury misconduct in view of our holding that there was no gross neligence.

For the reasons stated, judgment of the trial court is affirmed.