**Reversed and Rendered and Memorandum Opinion filed April 16, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00437-CV

---

### FROST NATIONAL BANK, Appellant

### V.

### JEANIE WHITE, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 843737**

---

## M E M O R A N D U M   O P I N I O N

Frost National Bank ("Frost") appeals the trial court's refusal to revive the judgment Frost obtained against Jeanie White in 2006. Because the trial court lacked the discretion to deny Frost's timely request, we reverse the trial court's ruling and render the requested order reviving the judgment.

"If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and

execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." *Id.* § 31.006. An action for debt is an independent suit resulting in a new judgment, but a scire facias proceeding is a continuation of the suit in which the original judgment was rendered. *See Berly v. Sias*, 152 Tex. 176, 181, 255 S.W.2d 505, 508 (1953). Frost sought to revive the judgment by scire facias.

A scire facias hearing is non-evidentiary, requiring no findings of fact or conclusions of law. *See Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.). In determining whether to revive a dormant judgment, the trial court considers the date of the judgment, the date of the motion, and any evidence that the time to bring the scire facias proceeding was extended by the issuance of a writ of execution. *See id.*; *Trad v. Colonial Coins, Inc.*, No. 14-02-00172-CV, 2003 WL 124680, at *2 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.). The trial court has no discretion to refuse a timely filed motion to revive an outstanding judgment scire facias. *See Cadle Co.*, 2010 WL 670561, at *2.

The record establishes that Harris County Civil Court at Law No. 1 signed a final judgment on January 31, 2006, holding Jeanie White and Martin White[1] jointly and severally liable to Frost in the principal amount of $17,865.21, together with attorney's fees and pre- and post-judgment interest. If no writ of execution was issued, the judgment became dormant on January 31, 2016. To revive the judgment,

---

[1] Because the two judgment debtors share the same surname, we will refer to them by their respective given names.

Frost had to file a motion in the same case by January 31, 2018, to revive the judgment scire facias. *See* TEX. CIV. PRAC. & REM. CODE ANN. 31.006.

Frost filed its "Plaintiff's Application for Writ of Scire Facias to Revive Judgment" on May 23, 2017, in the same court and in the same cause number in which the judgment to be revived was rendered. The trial court ordered citation scire facias issued to Martin but not to Jeanie. Martin failed to respond, and the trial court granted Frost's motion reviving the judgment against him.

On January 26, 2018, Frost filed an application for writ of scire facias to revive the judgment specifically against Jeanie. This time, the trial court ordered the clerk of the court to issue citation scire facias to her. Jeanie was personally served, but she, too, failed to respond. The trial court nevertheless denied Frost's motion for an order reviving the judgment. Although the ruling was not reduced to a signed order, Frost moved for reconsideration, and in the order denying reconsideration, the trial court recited that it had denied Frost's application to revive the judgment.

The record shows that Frost satisfied the statutory prerequisites to revival. It filed both its first and its second applications to revive the judgment scire facias less than two years before the judgment became dormant. Jeanie White did not respond, and thus, did not attempt to show that the judgment had been paid, discharged, or was otherwise no longer owed. The trial court therefore had no discretion to refuse to revive the judgment. *See Cadle Co.*, 2010 WL 670561, at *2.

We accordingly reverse the trial court's ruling and render judgment that the final judgment against Jeanie White, which was signed January 31, 2006, in Cause No. 843737 in the County Civil Court at Law No. 1 of Harris County, Texas, is **REVIVED** effective January 31, 2016.

/s/ Tracy Christopher
Justice

Panel consists of Justices Christopher, Hassan, and Poissant.