**Opinion issued August 12, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00411-CV

———————————

**PHARUS FUNDING, LLC, AS ASSIGNEE OF LHR, INC., Appellant**

**V.**

**JORGE J. GARCIA, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 845221**

---

## MEMORANDUM OPINION

Appellant, Pharus Funding, LLC, as assignee of LHR, Inc. ("Pharus"),

challenges the trial court's order denying its application for a writ of scire facias to

revive a dormant judgment[1] rendered against appellee, Jorge J. Garcia. In its sole issue, Pharus contends that the trial court erred in denying its application.

We affirm.

## Background

In its application for a writ of scire facias to revive a dormant judgment, Pharus alleged that on June 7, 2006, the trial court signed a final judgment against Garcia and in favor of LHR, Inc., awarding LHR, Inc. $15,060.42 in damages and its attorney's fees. LHR, Inc. did not collect the judgment, and Pharus acquired the judgment after it became dormant.[2] On May 23, 2018, within the two-year period during which the dormant judgment could be revived,[3] Pharus sought a writ of scire facias. Its application included a certificate of service stating that Pharus served the application on Garcia "by certified U.S. mail, return receipt requested" on May 17, 2018. Pharus attached to its application a copy of the dormant judgment, a copy of the "Notice of Change in Ownership," and two assignment agreements.

The trial court, finding that "no [w]rit of [s]cire [f]acias was issued/served within the 12[-]year residual period from [the] judgment date," denied Pharus's application for writ of scire facias to revive a dormant judgment.

---

[1]    See TEX. CIV. PRAC. & REM. CODE ANN. § 31.006; *see also* § 34.001.

[2]    *See id.* § 31.001.

[3]    *See id.* § 31.006 ("A dormant judgment may be revived by scire facias . . . not later than the second anniversary of the date the judgment bec[ame] dormant.").

## Standard of Review

Texas Civil Practice and Remedies Code section 34.001, which governs preservation and dormancy of judgments, provides, in pertinent part,

>   (a)   If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.
>
>   (b)   If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant.  A second writ may be issued at any time within 10 years after issuance of the first writ.

TEX. CIV. PRAC. & REM. CODE ANN. § 34.001.  Under section 34.001, a judgment creditor may renew a judgment and keep the judgment alive indefinitely by having a writ of execution issued within ten years of the prior writ.  *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.).  Once a judgment becomes dormant, the "dormant judgment may be revived by scire facias[4] or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant."  TEX. CIV. PRAC. & REM. CODE ANN. § 31.006.  The effect of section 31.006 is to provide

---

4    "Scire facias" means "a judicial writ, founded on some matter of record, such as a judgment or recognizance, and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record.  The name is used to designate both the writ and the whole proceeding."  *Int'l Fid. Ins. Co. v. State*, 71 S.W.3d 894, 897 n.2 (Tex. App.—Texarkana 2002, no pet.) (internal quotations omitted).

a twelve-year residual limitations period for final judgments. *Rollins*, 2010 WL 670561, at *2.

A scire facias hearing is non-evidentiary, requiring no findings of fact or conclusions of law. *Id.* In determining whether to revive a dormant judgment, the trial court considers the date of the judgment, the date of the motion, and any evidence that the time to bring the scire facias proceeding was extended by the issuance of a writ of execution. *See id.* Revival of a judgment is not discretionary if the statutory requirements to revive a dormant judgment are satisfied. *See Cadle Co.*, 2010 WL 670561, at *2. Thus, we review the trial court's decision on an application for a writ of scire facias de novo. *See id.*; *see also David Powers Homes, Inc.*, 355 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (explaining where facts are undisputed, whether they satisfy statute is question of law subject to de novo review).

**Service of Scire Facias**

In its sole issue, Pharus argues that the trial court erred in denying his application for a writ of scire facias to revive a dormant judgment because the trial court found that the writ of scire facias was not issued or served within the twelve-year period following the 2006 entry of judgment against Garcia and "that is not the applicable legal standard." Pharus argues that because Texas Civil Practice and Remedies Code section 31.006 does not specifically require personal service,

4

service of citation is not required, and service of its application for a writ of scire facias only had to comply with one of the methods provided under Texas Rule of Civil Procedure 21a.[5]  *See* TEX. R. CIV. P. 21a.

Pharus is correct that Texas Civil Practice and Remedies Code section 31.006 does not set out the procedure for obtaining the revival of a dormant judgment by scire facias.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (only explaining "[a] dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant"). But Texas Rule of Civil Procedure 154 expressly requires that an application for a writ of scire facias "conform to the requisites of citations and the returns thereon" as specified in the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 154; *see also* TEX. R. CIV. P. 15, 16, 17 (procedures applicable to all writs and process).

---

[5]    In attempting to justify service according to Texas Rule of Civil Procedure 21a, Pharus relies on *Berly v. Sias*, which described a proceeding for revival of a judgment as "a continuation of the original suit" in which the judgment was rendered and not an independent suit for debt on the judgment.  255 S.W.2d 505, 508 (Tex. 1953).  This description did not implicate the service requirements for scire facias.  In *Berly*, the execution predated the promulgation of the Texas Rules of Civil Procedure, and the statute then in effect required the execution to "conform to the requirements of writs" and "describe the judgment."  *Id.*  *Berly* thus does not support Pharus's position that service under rule 21a is sufficient.  *See also Pharus Funding, LLC v. Solley*, No. 06-20-00090-CV, 2021 WL 1680206, at *1 (Tex. App.—Texarkana Apr. 29, 2021, no pet.) (mem. op.) (explaining procedure set out in reported cases, including *Berly*, requires judgment creditor to "obtain[] service of the writ on the judgment debtors as required for all writs and process").

Pharus may not ignore its duty to comply with Texas Rule of Civil Procedure 154 simply because the procedure outlined in that rule is not reiterated in the statute. "The Texas Rules of Civil Procedure have the same force and effect as statutes." *Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 862 (Tex. App.—Austin 2013, pet. denied); *see* TEX. R. CIV. P. 2, 814. The Texas Supreme Court's authority to promulgate rules of civil procedure derives from the Texas Constitution. TEX. CONST. art. 5, § 31(b) ("The Supreme Court shall promulgate rules of civil procedure for all courts not inconsistent with the laws of the [S]tate as may be necessary for the efficient and uniform administration of justice in the various courts."). And the Texas Legislature has passed laws recognizing the Texas Supreme Court's rule-making authority. *See* TEX. GOV'T CODE ANN. § 22.003(b) (requiring supreme court to "make and enforce all necessary rules of practice and procedure, not inconsistent with the law, for the government of the supreme court and all other courts of the state to expedite the dispatch of business in those courts"); *id.* § 22.004 (acknowledging "supreme court has the full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant" and supreme court may promulgate or amend rules of civil procedure in interest of proper administration of justice, with such rules "to remain in effect unless and until disapproved by the legislature"); *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) ("In 1939, when the Legislature by

6

statute 'confer[red] upon and relinquish[ed]' to this Court full rule-making power, it thereby acknowledged our authority to make the law governing civil procedure and evidence." (alteration in original) (internal footnotes omitted)).

Pharus also asserts that, because of its placement under section 7 of the Texas Rules of Civil Procedure, titled "Abatement and Discontinuance of Suit," rule 154 only provides procedures pertaining to the death of a party and does not extend to revival of judgments. As with statutes, though, a section title in the rules may inform an inquiry into the intent of a rule, but it does not limit or expand its meaning. *See* TEX. GOV'T CODE ANN. § 311.024; *Houston NFL Holding L.P. v. Ryans*, 581 S.W.3d 900, 907–08 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). Because rule 154 unambiguously applies to civil proceedings for writs of scire facias without limitation, we conclude that service of an application for a writ of scire facias for revival of a dormant judgment must comply with that rule.

By reference, rule 154 incorporates Texas Rule of Civil Procedure 99 governing the issuance and form of citation. *See* TEX. R. CIV. P. 154 ("The scire facias and returns thereon, provided for in this section, shall conform to the requisites of citations and the returns thereon, under the provisions of these rules."). Thus, on filing an application for a writ of scire facias, the applicant must ask the court clerk for issuance of citation, which the clerk will "forthwith issue" and deliver as directed.

TEX. R. CIV. P. 99.  The applicant is responsible for obtaining service of the citation. *See* TEX. R. CIV. P. 99(a).

Because Pharus admittedly, when filing its application for a writ of scire facias to revive a dormant judgment, did not have citation issued or served on Garcia, we hold that the trial court did not err in denying Pharus's application.

We overrule Pharus's sole issue.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Landau and Countiss.